Matter of the Petition of THOMAS E. RUSH to Grant Right to Inspection of Ballots Cast at Last Primary Election Held September 17, 1917.

(Supreme Court, New York Special Term, October, 1917.)

Election Law, § 88 — provision in case of contested nomination for office — primary elections — right to examine ballots.

The provision of section 88 of the Election Law that in the case of a contested nomination for office "any candidate shall be entitled as of right to an examination in person or by authorized agents of any primary ballots upon which his name lawfully appeared as that of a candidate" leaves nothing to the discretion of the court, and upon the claim of one who was a candidate for office at a primary election, that a recount would show that a majority of the votes were cast for him for justice of the Supreme Court in Manhattan and The Bronx, he is entitled as of right to such examination and the ballots are required to be preserved for thirty days for that purpose, and an application made before the expiration of the time limit must be granted.

Supreme Court, October, 1917. [Vol. 101.

MOTION to inspect ballots cast at last primary election held September 17, 1917.

Raymond B. Stringham (Henry de Forest Baldwin, of counsel), for petitioner.

Herbert R. Limburg, for John V. McAvoy.

WHITAKER, J. Upon the foregoing papers this motion is granted. The petitioner, Thomas E. Rush, asks the court to grant him the right to inspect the ballots cast at the last primary election held on September 17, 1917, claiming that a recount will show that a majority of the votes were cast for him for justice of the Supreme Court in Manhattan and The Bronx. The returns tabulated by the board of elections show that 17,448 votes were cast for petitioner and 30,568 were cast for his opponent, John V. McAvoy. The board of elections claim, which claim is joined in by Judge McAvoy, that petitioner has forfeited his right to examine the ballots by reason of having delayed his application for three weeks and is guilty of *laches;* that the petition as to charge of irregularities is based only upon information and belief; that the petitioner is not the real party in interest, and that the proceeding is based upon ulterior motives. The board of elections, by the corporation counsel, strenuously oppose the granting of the inspection, for the reason that the petitioner has delayed his application so long that to grant it at this time would cause a " complete disruption of the election machinery." As to the right of petitioner to the relief sought, and the petitioner having forfeited his right by delay, section 88 of the Election Law provides as follows: "After the close of the canvass of the votes at official primary elections the ballots of each party cast thereat * * * shall be tied together, labeled and replaced in the ballot boxes from which they were respectively taken, and

such ballot boxes shall then be securely locked and sealed and, together with the box containing the stubs, shall be returned to the officer from whom they were received, who shall safely keep the same, subject, however, to be produced upon the order of any court of record or judge thereof, for not less than thirty days after such primary election and until all suits or proceedings before any court or judge touching the same shall have been finally determined, when the ballots and stubs shall be removed and without examination destroyed. In the case of a contested nomination for office * * * any candidate shall be entitled as of right to an examination in person or by authorized agents of any primary ballots upon which his name lawfully appeared as that of a candidate; but the court shall prescribe such conditions, as of notice to other candidates or otherwise, as it shall deem to be necessary and proper." This provision of the statute leaves nothing to the discretion of the court. The "petitioner" is "entitled as of right" to an examination, and the ballots are required to be preserved for thirty days for that purpose. There is much force in Judge McAvoy's position that he would have gladly consented to an examination had the application been made in time, but petitioner having delayed his application he now feels that he should join with the board of elections in opposing it in order to prevent, as the board claims, a serious menace to the proper preparation for the election. The petitioner has, however, moved the court before the expiration of thirty days from the date of the primary election, and the court has no power to prescribe a shorter limitation. As to the claim that the petitioner is not the real party in interest and is moved by others whose motives are not based upon an honest belief that an inspection will change the result, but are based upon other and

purely political motives, there is much in the application and surrounding circumstances that would justify the drawing of such an inference, but with that the court is not concerned. The court must construe the law as it is written and enforce it, even though it were conceded that those seeking its enforcement were moved by selfish ends and ulterior motives. While the board of elections may be very seriously inconvenienced, that of itself does not justify the court in disobeying the plain mandates of the statute, but inasmuch as the city will be put to a large expense by reason of granting the order the court will require the petitioner to deposit such cash sum as the board determines will be sufficient to pay the entire expenses the city may be put to. The order shall provide for notice to the candidates; that the inspectors of each election district meet and recount the votes in the presence of each of the candidates who desire to be present and in the presence of two representatives of each candidate; that the district attorney shall also be allowed to be present by a representative at such count; that during such count the candidates and the representatives may inspect and examine each ballot, and the order shall provide that the validity of all ballots to which either party objects shall be passed upon by the inspectors and kept separate in order that they may be produced before the court to subsequently pass upon; that the inspectors shall recount the votes and make return to the board of elections. The place where the examination shall be made shall be left to the board of elections. The order shall also provide the time when the count shall be completed by the inspectors and the return made to the board. This time may be fixed by the board of elections.

Ordered accordingly.